UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CRISTINA BENEDETTO, et al.,

                        **Plaintiffs,**

                        **REPORT AND**
      - against -                     **RECOMMENDATION**

JANE KORINEK,                        21-CV-6005 (FB)

                        **Defendant.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

This action was removed from state court on October 28, 2021, by defendant Jane Korinek ("defendant") on the ground that it is between a citizen of a state and a subject of a foreign state and the amount in controversy exceeds $75,000. See Notice of Removal (Oct. 28, 2021) ("Notice") ¶¶ 1, 3, Electronic Case Filing Docket Entry ("DE") #1. For the following reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction.

## DISCUSSION

Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for lack of subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993); 28 U.S.C. § 1447(c). The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994).

In the instant action, the Notice of Removal provides an insufficient basis for concluding that the amount in controversy satisfies the jurisdictional threshold. The Notice relies only a conclusory statement that plaintiffs seek "recovery of *unspecified* amounts for personal injuries and property damage suffered by all three plaintiffs due to asserted mold exposure, plus interest, costs, disbursements and attorney fees." Notice ¶ 6 (emphasis added). The Complaint is silent as to the value of plaintiffs' claims, other than the claim for return of plaintiffs' security deposit of $3,650, and defendants do not cite to any allegation in the Complaint to demonstrate that plaintiff seeks damages in excess of $75,000. In fact, all that can be determined from the Complaint is that plaintiffs allege that they have suffered "damages." See Complaint ¶¶ 79, 81, 98, DE #1-1. Such a boilerplate allegation fails to sustain defendant's burden to establish that the amount in controversy satisfies the jurisdictional threshold. See Valentin v. Dollar Tree Stores, Inc., 1:21-CV-3647-MKV, 2021 WL 2852039, at *2 (S.D.N.Y. July 8, 2021) ("there is no admission from Plaintiff as to the specific amount of damages sought and the general allegations of 'serious injuries,' 'pain, shock and mental anguish' in the Complaint do not give rise to a reasonable inference of over $75,000 in damages") (internal citation omitted); O'Neill v. Target Corp., 21-CV-3262 (PKC) (ARL), 2021 WL 2634880, at *2 (E.D.N.Y. June 25, 2021) (plaintiff's bill of particulars was insufficient to establish amount in controversy despite alleging that "plaintiff suffered serious and permanent injury to fourteen (14) different body parts as a result of the accident," which "incapacitated her from employment and required an extensive, and ongoing, course of treatment involving nineteen (19) different medical providers/facilities"); Cavaleri v. Amgen

Inc., 20-CV-1762 (PKC) (RML), 2021 WL 878555, at *2 (E.D.N.Y. Mar. 8, 2021) (rejecting defendants' reliance on plaintiff's allegations that he suffered "chronic debilitating injuries and illness"), reconsideration denied, 2021 WL 951652 (E.D.N.Y. Mar. 12, 2021); Daversa v. Cowan Equip. Leasing, LLC, No. 20-CV-0163 (WFK), 2020 WL 1866585, at *1 (E.D.N.Y. Jan. 14, 2020), adopted, 2020 WL 967436 (E.D.N.Y. Feb. 28, 2020); Correa v. YRC Worldwide Inc., 19-CV-1564 (CBA), 2019 WL 1649945, at *1-2 (E.D.N.Y. Mar. 28, 2019), adopted, 2019 WL 1643541 (E.D.N.Y. Apr. 16, 2020).

Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo, 28 F.3d at 273-74. As defendant has failed to satisfy her burden in this regard,[1] the District Court should remand the action.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction.

---

[1] Defendant was not without a remedy when faced with a summons and complaint without an *ad damnum*. Under New York law, a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). If a plaintiff fails to serve a supplemental demand "within fifteen days [of the request], the court, on motion, may order that it be served." Id. Defendant should have availed herself of the state's procedures rather than removing the action to this Court without the proper basis on which to do so. See O'Neill, 2021 WL 2634880, at *3; Faktorovich v. Fleet Car Lease, Inc., 17-cv-1824 (DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017).

Any objections to this Report and Recommendation must be filed with the Honorable Frederic Block on or before **November 19, 2021**.   Failure to file objections in a timely manner may waive a right to appeal the District Court order.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

      **SO ORDERED.**

**Dated: Brooklyn, New York**
       **November 5, 2021**

/s/     *Roanne L. Mann*
      **ROANNE L. MANN**
      **UNITED STATES MAGISTRATE JUDGE**